UNITED STATES DISTRICT COURT
SOUTSHERN DISTRICT OF FLORIDA

CASE NO.:

ELIZABETH LEVESQUE,

Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

Defendant.

______________________________________)

**COMPLAINT**

The Plaintiff, ELIZABETH LEVESQUE ("LEVESQUE"), by and through her undersigned counsel, hereby sues UNITED OF OMAHA LIFE INSURANCE COMPANY ("OMAHA"), and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. LEVESQUE was at all times relevant a plan participant under the Addison

County Home, Health and Hospice Long Term Disability Plan, Group No.: GUPR-0AVL6 (“LTD” Plan). The final denial of benefits occurred within the jurisdiction of this Court.

3. Defendant, OMAHA, is a corporation with its principal place of business in the State of Nebraska, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. OMAHA is the insurer of benefits under the Addison County Home, Health and Hospice LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, OMAHA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The OMAHA LTD Plan are employee welfare benefit plans regulated by ERISA, established by Addison County Home, Health and Hospice under which LEVESQUE was a participant, and pursuant to which LEVESQUE is entitled to Long Term Disability benefits (“LTD benefits”). Pursuant to the terms and conditions of the LTD Plan, LEVESQUE is entitled to LTD benefits for the duration of the Plaintiff’s disability, for so long as LEVESQUE remains disabled as required under the terms and conditions of the LTD plan.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS’ FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. LEVESQUE incorporates by reference all preceding paragraphs as though fully set forth herein.

6. At all times relevant, LEVESQUE was an employee or former employee of Addison County Home, Health and Hospice and a plan participant under the terms and

conditions of the LTD Plan.

7. During the course of LEVESQUE's employment, LEVESQUE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while LEVESQUE was covered under the LTD Plan, LEVESQUE suffered a disability, which due to the privacy of same will not be discussed herein as it is discussed in great detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

8. LTD Plan defines Totally Disabled or Total Disability as Totally Disabled or Totally disabled is defined to mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are prevented from performing all of the Material Duties of Your Regular Occupation on a full-time basis. After a Monthly Benefit has been paid for 24 months, total disability and totally disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation. Total disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with Your employer.

9. Regular Occupation is defined to mean the occupation You are routinely performing when Your Total or Partial Disability begins. Your regular occupation is not limited to the specific position You held with the Policyholder, but will instead be considered to be a similar position or activity based on job descriptions included in the most current edition of the U.S. Department of Labor Dictionary of Occupational Titles (DOT). We have the right to substitute or replace the DOT with a service or other information that We determine of comparable purpose, with or without notice. To determine Your regular occupation, We will look at Your occupation as it is normally

performed in the national economy, instead of how work tasks are performed for a specific employer, at a specific location, or in a specific area or region.

10. Material Duties means the essential tasks, functions, and operations relating to an occupation that cannot be reasonably omitted or modified. In no event will We consider working an average of more than 40 hours per week in itself to be a part of material duties.

11. LEVESQUE's claim is under the Regular Occupation of disability.

12. Prior to filing for disability LEVESQUE worked as a Quality Assurance Coordinator for Addison County Home Health & Hospice, Inc.

13. Pursuant to the terms of the LTD Plan, LEVESQUE made a claim to OMAHA for benefits under the LTD Plan, with an effective date of disability of June 6, 2015.

14. Following the Elimination Period, LTD Benefits became payable on December 3, 2015.

15. On February 21, 2016 OMAHA notified LEVESQUE that it was denying her claim for benefits as OMAHA had determined that there were no medical restrictions and limitations that would prevent her from performing her "sedentary" demand level occupation on account of her medical conditions.

16. LEVESQUE appealed the denial of benefits on August 19, 2016, attaching additional medical information in support of her entitlement to LTD benefits, to include a Functional Capacity Examination that indicated she did not have the ability to work at a Sedentary demand level.

17. After the appeal was submitted, but before a final decision was rendered

LEVESQUE provided OMAHA with the results of a neuropsychological examination that indicated cognitive impairment resulting from LEVESQUE's medical conditions.

18. Despite information that clearly supported disability OMAHA upheld its denial of benefits on December 12, 2016.

19. LEVESQUE has exhausted all administrative remedies.

20. OMAHA breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to LEVESQUE at a time when OMAHA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as LEVESQUE was disabled and unable to work and therefore entitled to benefits.

b. After LEVESQUE's claim was denied in whole or in part, OMAHA failed to adequately describe to LEVESQUE any additional material or information necessary for LEVESQUE to perfect her claim along with an explanation of why such material is or was necessary.

c. OMAHA failed to properly and adequately investigate the merits of LEVESQUE's disability claim and failed to provide a full and fair review of LEVESQUE's claim.

21. LEVESQUE believes and alleges that OMAHA wrongfully denied her claim for LTD benefits under the LTD Plan by other acts or omissions of which LEVESQUE is presently unaware, but which may be discovered in this future litigation and which LEVESQUE will immediately make OMAHA aware of once said acts or omissions are discovered by LEVESQUE.

22. As a proximate result of the aforementioned wrongful conduct of OMAHA under the LTD Plan, LEVESQUE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. As a further direct and proximate result of this improper determination regarding LEVESQUE's claims for benefits, LEVESQUE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LEVESQUE is entitled to have such fees and costs paid by OMAHA.

24. The wrongful conduct of OMAHA has created uncertainty where none should exist, therefore, LEVESQUE is entitled to enforce her rights under the terms of her LTD Plan and to clarify her right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Elizabeth Levesque prays for relief against United of Omaha Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under

ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 13, 2017.

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Stephen F. Jessup*__________
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com